```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:
                                                    Chapter 7
THE ALPHAS COMPANY OF NEW YORK, INC.
                                                    Case No. 14-10510 (MEW)
            Debtor.

---------------------------------------------------------------X
```

# REPORT OF SALE OF CERTAIN ASSETS
# LOCATED AT THE HUNTS POINT MAKET

Chapter 7 Trustee: John S. Pereira
Attorney to the Trustee: Troutman Sanders LLP (John P. Campo, Esq.)

# **INDEX**

REPORT OF SALE

EXHIBIT A
LIST OF ATTENDEES

EXHIBIT B
RECORD OF BIDS

# REPORT OF SALE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

THE ALPHAS COMPANY OF NEW YORK, INC.

Debtor.

Chapter 7

Case No. 14-10510 (MEW)

-------------------------------------------------------------X

REPORT OF SALE OF CERTAIN ASSETS LOCATED AT THE
HUNTS POINT MARKET

TO:   THE HONORABLE MICHAEL E. WILES,
      UNITED STATES BANKRUPTCY JUDGE:

MYC & ASSOCIATES, INC., herein referred to as "**MYC**", was retained pursuant to 11 U.S.C. 327(a) by an Order of this Court dated August 10, 2015 [Dkt. No. 135] as a real estate broker for the bankruptcy estate of The Alphas Company of New York, Inc. (the "**Debtor**").

BACKGROUND

1.   On March 4, 2014 (the "**Petition Date**"), a voluntary petition for relief was filed by the Debtor under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On June 5, 2014, the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code [Dkt. No. 29]. On that same day, John S. Pereira was appointed as the Chapter 7 Trustee of the Debtor's estate [Dkt. No. 30]. (the "**Trustee**").

2. As of the Petition Date, the Debtor's estate, among other things, (i) held interests as a tenant in that certain Proprietary Lease, dated as of July 2, 2003, by and between the Hunts Point Terminal Produce Cooperative Association, Inc. (the "**Association**"), as landlord, and the Debtor, as tenant (the "Lease") for (a) the commercial units identified as units 223, 224, and 225 at the Hunts Point Market (the "**Store Units**"), and (b) office units identified as office units 223A, 224A, and 225A at the Hunts Point Market, 101 Market Street, Bronx, NY 10474 (the "**Office Units**," and together with the Store Units, collectively, the "Units"); and (ii) possessed all of the rights and interests of a member in the Association appurtenant to the Lease (the "**Membership Interests**").

## THE UNITS

3. The Office Units are comprised of approximately 2,000 sq. ft. while the Store Units boast approximately 4,500 sq. ft. of warehouse and refrigeration space with 20' ceilings and 2,600 sq. ft. of loading dock space.

## STALKING HORSE CONTRACT

4. Before MYC's involvement, the Trustee, through his counsel, Troutman Sanders LLP, n the terms of a stalking horse contract with Muscat Produce LLC (the "**Stalking Horse**") for the Stalking Horse to purchase any and all of the Debtor's estate's right, title and interest in and to the estate's interest in the Lease for the Units and the Membership Interests appurtenant to the Lease, and the estate's interest in any fixtures situated in the Units (collectively, the

"**Acquired Assets**"), and for the Trustee to assume and assign any and all of the estate's right, title, and interest in and to the Lease to the Stalking Horse, for $850,000 (the "**Stalking Horse Bid**"), subject to, higher or better offers.

## MARKETING

5.  As the court appointed broker, MYC's primary responsibility was to market and sell the Acquired Assets of the Debtor for a price in excess of the Stalking Horse Bid.

6.  MYC's marketing strategy for the sale of the Acquired Assets included, but was not limited to the following:

   a.  www.myccorp.com – A listing of the Acquired Assets was placed on MYCcorp.com. MYC is an asset management firm that is highly regarded in the bankruptcy community. Its website is well viewed by investors and users interested in purchasing distressed assets.

   b.  E-Mail Blast – MYC maintains a proprietary subscriber database which interested parties elect to receive notification of assets available for sale. MYC caused e-mail blasts to be sent to its subscriber database.

   c.  TerminalMarkets.com – MYC caused an ad to appear on the homepage of the aforementioned webpage which notified all its visitors as to the sale of the Acquired Assets. TerminalMarkets.com is a website that serves as an assembly and trading place for agricultural commodities throughout the

Metropolitan area. Terminal Markets.com also facilitate information exchange and commercial transactions between wholesaler buyers, producers, shippers, brokers and truckers, provide a venue for the sale of produce by growers, packers, shippers, and even wholesalers in addition to collecting and distributing relevant pricing, growing information, weather, traffic, and serve as an employment bulletin board for the industry.

d. Produce Marketing Association – through PMA's newsletter, MYC was able to notify over 22,000 members of produce markets around the globe as to the availability of the Cooperatives. The Produce Marketing Association is a trade organization represents companies from every segment of the global fresh produce supply chain. PMA helps members grow by providing connections that expand business opportunities and increase sales and consumption.

e. New York Times – MYC caused an ad to appear in the auction section of this publication, specifically to advertise the higher or better sale for the Acquired Assets.

f. Showings – MYC showed the Units by appointment only which allowed all interested parties to view the Units at their convenience.

g. Notification – MYC directly called and mailed a sale flyer to each member of the Association to notify them of the sale and availability of the Acquired Assets.

## HIGHER OR BETTER SALE

8. Pursuant with the bidding procedures order dated August 10, 2015 [Dkt. No. 134], the sale of the Acquired Assets was subject to higher or better offers which were to be entertained via auction.

9. On October 1, 2015 at 11:00 a.m. in Room 610 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004, an auction sale of the Cooperatives was held (the "**Auction Sale**").

10. Four total bidders qualified to bid on the Acquired Assets at the Auction Sale. Bidding for the Cooperatives opened at $950,000 and bidding increments remained at $50,000 throughout the Auction Sale. Attached to this report as **EXHIBIT A** please the find the List of Attendees who either participated in the bidding or simply observed the Auction Sale. Attached to this report as **EXHIBIT B** please find the Record of Bids which shows all of the bids received at the Auction Sale.

11. The highest and best bid to purchase the Acquired Assets was submitted by S. Katzman Produce, Inc. in the amount of $2,800,000. The back-up bid was submitted by C and J Brothers, Inc. in the amount of $2,750,000. Shortly after the Auction Sale, the Trustee recognized S. Katzman Produce, Inc. as the successful bidder and C andJ Brothers, Inc. as the back-up successful bidder.

12. The Sale Order approving the sale of the Acquired Assets to S. Katzman Produce, Inc. was entered on October 5, 2015 [Dkt. No. 153].

MYC believes that the best results were achieved for the sale of the Property.

DATED:  October 21, 2015
        Staten Island, New York

BY:     MYC & ASSOCIATES, INC.

        By: /s/ Marc P. Yaverbaum
        ───────────────────────────
        Marc P. Yaverbaum
        MYC & Associates, Inc.
        1110 South Avenue, Suite 61
        Staten Island, New York 10314

# EXHIBIT A

In re: The Alphas Company of New York, Inc.
Case No.: 14-10510 (MEW)
John S. Pereira, Chapter 7 Trustee

October 1, 2015

## AUCTION SALE ATTENDEES

| Index | Name | Bidder | Form of ID | ID No. | Signature |
|---|---|---|---|---|---|
| 1 | Britt Gottman, Troutman | | REDACTED FOR PRIVACY | | |
| 2 | Ann Tiseo Askin, Pereira & [illegible] | | | | |
| 3 | Victor Moneypenny | | | | |
| 4 | Marc P. Yaverbaum | | | | |
| 5 | Milo Silberstein | | | | |
| 6 | Jonathan Bodner | 1 | | | |
| 7 | [illegible] Deipin | - | | | |
| 8 | Gassett Elias | 4 | | | |
| 9 | [illegible] | 4 | | | |
| 10 | Ekaterina Conte | 4 | | | |
| 11 | Charles DiMaggio | 4 | | | |
| 12 | Charles Festivo | 4 | | | |
| 13 | Arthur Baer | 2 | | | |
| 14 | Stephen Katzman | 2 | | | |

In re: The Alphas Company of New York, Inc.　　　　　　　　　　　　　　　　　　　　　　October 1, 2015
Case No.: 14-10510 (MEW)
John S. Pereira, Chapter 7 Trustee

## AUCTION SALE ATTENDEES

| Index | Name | Bidder | Form of ID | ID No. | Signature |
|---|---|---|---|---|---|
| 15 | Tae Stephen Song | 3 | | REDACTED FOR PRIVACY | |
| 16 | Matthew Park | 3 | | | |
| 17 | Jungyoung Park | 3 | | | |
| 18 | David Rose | | | | |
| 19 | Seth Lieberman | | | | |
| 20 | Bruce Weiner | 2 | | | |
| 21 | David Isaev | 1 | | | |
| 22 | Samuel Nitka | 1 | | | |
| 23 | Sandra Bartels | CR | | | |
| 24 | Mark C.H. Mandell | | | | |
| 25 | John S. Pereira | Trustee | | | |
| 26 | John Campo | Atty for Trustee | | | |
| 27 | | | | | |
| 28 | | | | | |

In re: The Alphas Company of New York, Inc.  
Case No.: 14-10510 (MEW)  
John S. Pereira, Chapter 7 Trustee

October 1, 2015

## AUCTION SALE ATTENDEES

| Index | Name | Bidder | Form of ID | ID No. | Signature |
|---|---|---|---|---|---|
| ~~29~~ | | | | | |
| 30 | | | | | |
| 31 | | | | | |
| 32 | | | | | |
| 33 | | | | | |
| 34 | | | | | |
| 35 | | | | | |
| 36 | | | | | |
| 37 | | | | | |
| 38 | | | | | |
| 39 | | | | | |
| 40 | | | | | |
| 41 | | | | | |
| ~~42~~ | | | | | |

# EXHIBIT B

14-10510-mew    Doc 156    Filed 10/22/15    Entered 10/22/15 16:04:35    Main Document
Pg 14 of 15

In re: The Alphas Company of New York, Inc.
Case No.: 14-10510 (MEW)
John S. Pereira, Chapter 7 Trustee

RECORD OF BIDS

| Bid Amount | Bidder | Bid Amount | Bidder |
|---|---|---|---|
| $ 950,000.00 | 2 | $ 1,900,000.00 | 2 |
| $ 1,000,000.00 | 3 | $ 1,950,000.00 | 3 |
| $ 1,050,000.00 | 1 | $ 2,000,000.00 | 2 |
| $ 1,100,000.00 | 4 | $ 2,050,000.00 | 3 |
| $ 1,150,000.00 | 2 | $ 2,100,000.00 | 2 |
| $ 1,200,000.00 | 3 | $ 2,150,000.00 | 3 |
| $ 1,250,000.00 | 4 | $ 2,200,000.00 | 2 |
| $ 1,300,000.00 | 2 | $ 2,250,000.00 | 3 |
| $ 1,350,000.00 | 1 | $ 2,300,000.00 | 2 |
| $ 1,400,000.00 | 2 | $ 2,350,000.00 | 3 |
| $ 1,450,000.00 | 3 | $ 2,400,000.00 | 2 |
| $ 1,500,000.00 | 2 | $ 2,450,000.00 | 3 |
| $ 1,550,000.00 | 3 | $ 2,500,000.00 | 2 |
| $ 1,600,000.00 | 2 | $ 2,550,000.00 | 3 |
| $ 1,650,000.00 | 3 | $ 2,600,000.00 | 2 |
| $ 1,700,000.00 | 2 | $ 2,650,000.00 | 3 |
| $ 1,750,000.00 | 3 | $ 2,700,000.00 | 2 |
| $ 1,800,000.00 | 2 | $ 2,750,000.00 | 3 |
| $ 1,850,000.00 | 3 | $ 2,800,000.00 | 2 |

QUALIFIED BIDDERS
Bidder Number 1: Muscat Produce, LLC
Bidder Number 2: S. Katzman Produce, Inc.
Bidder Number 3: C and J Brothers, Inc.
Bidder Number 4: Fres Co, LLC

BIDS RECORDED BY:

_____        10/1/15
Victor Moneypenny as Auctioneer          Date
MYC & Associates, Inc.